IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SAMUEL M. BATEY, JR.,

    Plaintiff,

v.                                           Civil Action No. 5:07cv12
                                           (Judge Stamp)

P.A. SWANSON, JANET BUNTS, DR.
LANASA, DR. WILLIAMS, UNKNOWN
CORRECTIONS OFFICERS,

    Defendants.

## ORDER DIRECTING PETITIONER TO FILE PROOF OF EXHAUSTION

On September 4, 2007, defendant, P.A. Swanson ("defendant Swanson"), filed a Motion to Dismiss the above-captioned action. In support of his motion, defendant Swanson asserts that at the time the events giving rise to the plaintiff's claims occurred, he was serving as an active duty commissioned officer with the United States Public Health Department.[1] Therefore, defendant Swanson asserts that pursuant to the Public Health Services Act, 42 U.S.C. § 233(a), he is immune from suit under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[2]

---

[1] The plaintiff asserts that defendant Swanson, a physician's assistant, was deliberately indifferent to his serious medical needs. In support of his claim, the plaintiff asserts that defendant Swanson misdiagnosed a calf injury and failed to provide him with treatment or rehabilitation for said injury.

[2] In Carlson v. Green, 446 U.S. 14, 18-19 (1980), the Supreme Court found that a Bivens action may be foreclosed where "Congress has provided an alternative remedy explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective." Section 233(a) provides, "[t]he remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or

Because the plaintiff is proceeding pro se, on September 6, 2007, the Court issued a Roseboro Notice informing the plaintiff of his right to file material responsive to the defendant's dispositive motion. In response, the plaintiff filed a "Motion to Construe P.A. Swanson Civil Liabilities Under the Federal Tort Statute Under 28 U.S.C. §§ 1346(b) and 2672." In his motion, the plaintiff concedes that 42 U.S.C. § 233(a) precludes defendant Swanson from monetary liability pursuant to Bivens. The plaintiff asserts, however, that as a pro se litigant, he is entitled to liberal construction of his complaint. Therefore, the plaintiff asserts that this Court is required to construe his allegations against defendant Swanson under the appropriate authority, the Federal Tort Claims Act ("FTCA").

While the undersigned recognizes that the plaintiff is proceeding pro se, and it may be appropriate in this instance to construe his claims against defendant Swanson as claims against the United States under the FTCA, the plaintiff has failed to provide the Court with proof that he has exhausted such claims. Accordingly, the plaintiff has **twenty (20) days** to provide the Court with proof of exhaustion as to any claims arising under the FTCA, specifically related to the calf injury that gives rise to this cause of action.

---

by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damages for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim." Therefore, the explicit declaration in § 233(a), "protects commissioned officers or employees of the Public Health Service from being subject to suit while performing medical and similar functions by requiring that such lawsuits be brought against the United States instead." Cuoco v. Moritsugu, 222 F.3d 99, 108 (3d Cir. 2000); see also United States v. Smith, 499 U.S. 160, 170 n. 11 (1990) (42 U.S.C. § 233 is one of several statutes passed to provide absolute immunity from suit for Government medical personnel for alleged malpractice committed within the scope of employment.).

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this order to the pro se petitioner and to transmit a copy to counsel of record by electronic means.

DATED: September 25, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE