IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SAMUEL M. BATEY, JR.,

    Plaintiff,

v.                                                      Civil Action No. 5:07CV12
                                                                (STAMP)
P.A. SWANSON, JANET BUNTS,
DR. LANASA, DR. WILLIAMS,
UNKNOWN CORRECTIONS OFFICERS,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The pro se plaintiff, Samuel M. Batey, Jr., is a federal inmate incarcerated at the Federal Correctional Institution ("FCI") in Ashland, Kentucky. The plaintiff commenced this civil action in the Eastern District of Kentucky by filing a complaint pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), in which he alleges that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Because the alleged constitutional violations occurred while the plaintiff was incarcerated at FCI Gilmer in Glenville, West Virginia, the case was transferred to this Court and referred to United States Magistrate Judge John S. Kaull for initial review and recommendation. The plaintiff names as defendants "unknown corrections officers" and four medical personnel: Dr. Salvatore LaNasa, a consulting physician at FCI

Gilmer; Janet Bunts, Health Services Administrator at FCI Gilmer; Dr. Doris Williams, Clinical Director at FCI Gilmer; and Robert Swanson, a physician assistant at FCI Gilmer.[1] As relief, the plaintiff seeks $500,000.00 in damages from each known and unknown defendant as punitive damages. Magistrate Judge Kaull determined that summary dismissal of the complaint was not appropriate and ordered the defendants to answer the complaint.

Subsequently, Dr. LaNasa filed a motion to dismiss, or in the alternative, for summary judgment. Dr. Williams and Janet Bunts jointly filed a motion to dismiss, or in the alternative, for summary judgment. Physician Assistant Swanson also filed motion to dismiss, or in the alternative, for summary judgment. The plaintiff responded to each motion.

Thereafter, following consideration of the defendants' motions to dismiss, or in the alternative, for summary judgment and the plaintiff's responses thereto, Magistrate Judge Kaull issued a report and recommendation recommending that each of the defendants' motions to dismiss, or in the alternative, for summary judgment be granted and the plaintiff's complaint be dismissed with prejudice. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within

---

[1] The defendants represent in their motions to dismiss, or in the alternative, for summary judgment, that Janet Bunts, Dr. Williams and Physician Assistant Swanson are no longer employed at FCI Gilmer.

2

ten days after being served with copies of the report. To date, no objections have been filed.

## II. Facts

This Court believes that a full reiteration of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section I of Magistrate Judge Kaull's report and recommendation. An abbreviated review of the relevant facts follows below.

In his complaint, the plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The plaintiff contends that the medical defendants neglected his painful calf injury and failed to provide appropriate treatment. The plaintiff further alleges that the unknown corrections officers failed to help him out of the prison transport van following his second calf surgery and thus caused him to fall out of the van.

## III. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because no objections were filed, this

Court will review the report and recommendation of the magistrate judge for clear error.

IV. Discussion

A. Claims Against Physician Assistant Swanson

Magistrate Judge Kaull recommends that the plaintiff's Bivens claim against Physician Assistant Swanson be dismissed for failure to state a claim because the exclusive remedy for the plaintiff's claim is provided by the Federal Tort Claims Act ("FTCA"). This Court finds no clear error in the recommendation.

The exclusive remedy for personal injury resulting from the medical decision of a commissioned officer of the Public Health Service acting within the scope of his/her employment is against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. 42 U.S.C. § 233(a)("The remedy against the United States provided by [the FTCA] for damages for personal injury . . . resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action . . . ."). Because the plaintiff asserts a Bivens claim against defendant Swanson, a commissioned officer of the United States Public Health Service, rather than an FTCA claim against the United States, his claim must be dismissed. Moreover, as noted by the magistrate judge, the plaintiff's claim cannot be construed as

4

one arising under the FTCA because the plaintiff concedes that he has failed to appropriately exhaust such a claim. Accordingly, the plaintiff's claims against Physician Assistant Swanson must be dismissed.

B.  Claims Against Dr. LaNasa and Unknown Corrections Officers

Magistrate Judge Kaull recommends that the plaintiff's claims against Dr. LaNasa and the unknown corrections officers be dismissed as untimely. This Court finds no clear error in the recommendation.

The applicable statute of limitations for a Bivens action is based on the state limitations period applicable to personal injury claims. See Wilson v. Garcia, 471 U.S. 261 (1985); Reinbold v. Evers, 187 F.3d 348 (4th Cir. 1999). Under West Virginia law, the statute of limitations for a personal injury action is two years. W. Va. Code § 55-2-12. Therefore, a two-year statute of limitations applies to the plaintiff's Bivens claims in this case. The plaintiff's claims against Dr. LaNasa are time-barred because the last visit to Dr. LaNasa about which the plaintiff complains was in December 2004. The plaintiff did not file his complaint until January 2007, approximately two years and one month later. Additionally, the plaintiff's claims against the unknown corrections officers who allegedly caused the plaintiff to fall out of a transport van and injure himself are also time-barred. The incident about which the plaintiff complains occurred on December

2, 2004, more than two years before the plaintiff filed his complaint in this action.

Finally, the magistrate judge notes that even assuming that the plaintiff's claims against Dr. LaNasa were not time-barred, the plaintiff's allegations fail to state a claim upon which relief can be granted. This Court agrees. To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In this case, the plaintiff has failed to show that Dr. LaNasa disregarded a serious risk of injury to the plaintiff. A mere disagreement between the plaintiff and Dr. LaNasa as to course of treatment does not support the plaintiff's Eighth Amendment claim. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Accordingly, the plaintiff's claims against Dr. LaNasa and the unknown corrections officers must be dismissed.

C. Claims Against Janet Bunts and Dr. Williams

Magistrate Judge Kaull recommends that the plaintiff's claims against Janet Bunts and Dr. Williams be dismissed as untimely and/or be dismissed for failure to exhaust administrative remedies. This Court finds no clear error in the recommendation.

As stated in section B above, the applicable statute of limitations in this case is two years. To the extent that the plaintiff asserts claims against Janet Bunts and Dr. Williams based

on incidents occurring prior to January 3, 2005 (two years prior to the filing of the complaint), such claims are time-barred.

Any claims that the plaintiff may have against Janet Bunts and Dr. Williams following January 3, 2005 must be dismissed for failure to exhaust administrative remedies. The Prisoner Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. In this case, the plaintiff failed to seek any administrative remedies regarding the care and treatment of his calf injury while at FCI Gilmer.

Finally, even assuming that the plaintiff's claims against Janet Bunts and Dr. Williams were timely and exhausted, the magistrate judge notes that the plaintiff fails to state a claim upon which relief can be granted. For the same reasons that the plaintiff's Eighth Amendment claims against Dr. LaNasa fail, his claims against Janet Bunts and Dr. Williams also fail. At best, the plaintiff's claims arise to nothing more than a disagreement with Janet Bunts and Dr. Williams regarding his course of treatment. This is insufficient to state a claim under the Eighth Amendment for ineffective medical assistance. Accordingly, the

plaintiff's claims against Janet Bunts and Dr. Williams must be dismissed.

V. Conclusion

Because, after a review for clear error, this Court concludes that the magistrate judge's recommendation is proper, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. Dr. LaNasa's motion to dismiss, or in the alternative, for summary judgment is GRANTED; Dr. Williams and Janet Bunts's joint motion to dismiss, or in the alternative, for summary judgment is GRANTED; and Physician Assistant Swanson's motion to dismiss, or in the alternative, for summary judgment is GRANTED. It is ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court. The plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court. Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    February 19, 2008

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE